**IMG-261**                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3969
_____

CHAO GEN LIN,
                                        Petitioner
                              v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                                Respondent

_____

On Petition for Review of an Order
of the Board of Immigration Appeals
Agency No. A099-934-646
Immigration Judge:  Susan G. Roy

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 22, 2010
Before:  SCIRICA, SMITH AND WEIS, <u>Circuit</u> <u>Judges</u>
Opinion filed: July 23, 2010

_____

OPINION
_____

PER CURIAM.

        Chao Gen Lin petitions for review of an order of the Board of Immigration

Appeals ("BIA").  For the reasons below, we will deny the petition for review.

        Lin, a native of China, entered the United States in July 2006.  He was

charged as removable as an alien who entered without being admitted or paroled.  <u>See</u>

Immigration and Nationality Act ("INA") § 212(a)(6)(A)(I) [8 U.S.C. § 1182(a)(6)(A)(I)].

He conceded removability and applied for asylum, withholding of removal, and relief

under the United Nations Convention Against Torture ("CAT"). Lin claimed that he was

entitled to asylum based on his wife's forced abortion after the discovery of her second

pregnancy. Lin also argued that he suffered persecution when he and his wife were fined

15,000 RMB–three times their annual income–after it was discovered that the couple had a

child before officially authorizing their marriage. Lin and his wife decided that Lin

needed to leave China after the forced abortion.

After Lin filed his asylum application, but before his hearing before the

Immigration Judge ("IJ") took place, the Attorney General decided Matter of J-S-, 24 I. &

N. Dec. 520 (A.G. 2008), holding that an alien whose spouse had experienced coercive

population measures would not automatically be eligible for asylum. However, such an

alien could still qualify for asylum if he showed he had been persecuted for his own

resistance to China's population policy.

The IJ concluded that Lin was credible, but that pursuant to Matter of J-S-,

he was not eligible for asylum on the basis of his wife's abortion. The IJ also noted that

Lin did not offer any resistance to family planning policies. The IJ considered whether the

fine that Lin and his wife were forced to pay constituted persecution, but found that "the

record does not contain any evidence whatsoever that this fine imposed such a financial

hardship on the family that it would allow for persecution, as that term is defined in the

2

Act." A.R. 71. The IJ also noted that Lin had not claimed that he would suffer any future persecution on account of family planning policy if he were to return to China.[1] The IJ denied asylum and withholding of removal. The IJ found nothing in the record to show that Lin would be tortured if he returned to China, and thus denied Lin's claim for protection under the CAT.

On appeal, the BIA agreed with the IJ's determination that Lin could not claim asylum on the basis of any persecution his wife had suffered. As to Lin's claim that the fine constituted persecution, the BIA recognized that "deliberate imposition of severe economic disadvantage, which threatens the petitioner's life or freedom, may constitute persecution." A.R. 2 (citing Li v. Att'y Gen., 400 F.3d 157, 168 (3d Cir. 2005)). The BIA stated that while the fine was significant, there was no evidence to show that it "endangered the respondent's ability to support his family or resulted in the 'deprivation of liberty, food, housing, employment, [or] other essentials of life.'" Id., quoting Li, 400 F.3d at 168. The BIA also rejected Lin's claim for withholding and relief under the CAT. Lin filed a timely petition for review.

We have jurisdiction pursuant to INA § 242 [8 U.S.C. § 1252]. Because the BIA independently assessed the record, we review only the BIA's final order of removal.

_____

[1] The IJ rejected Lin's claim that he would be persecuted for leaving China illegally. Lin does not pursue that claim here.

See Ezeagwuna v. Ashcroft, 325 F.3d 396, 405 (3d Cir. 2003).  We use a substantial evidence standard to review factual findings, Tarrawally v. Ashcroft, 338 F.3d 180, 184 (3d Cir. 2003), including findings concerning an applicant's past persecution or "well-founded fear of future persecution," Abdille v. Ashcroft, 242 F.3d 477, 483 (3d Cir. 2001).  Under the substantial evidence standard, findings are upheld "unless the evidence not only supports a contrary conclusion, but compels it." Id. at 483-84.  We review the BIA's legal conclusions de novo.  See Briseno-Flores v. Att'y Gen., 492 F.3d 226, 228 (3d Cir. 2007).    An applicant may demonstrate eligibility for asylum by showing either past persecution or a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.  See INA § 101(a)(42)(A) [8 U.S.C. § 1101(a)(42)(A)].  Significantly, "persecution connotes extreme behavior, including threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom."  Ahmed v. Ashcroft, 341 F.3d 214, 217 (3d Cir. 2003) (quotations omitted).  It "does not include all treatment that our society regards as unfair, unjust, or even unlawful or unconstitutional." Id. (quotation omitted).

The spouses of those who have been persecuted by coercive population control policies are not automatically eligible for asylum.  Lin-Zheng v. Att'y Gen., 557 F.3d 147 (3d Cir. 2009) (en banc) (holding that there is no automatic refugee status for spouses of individuals subjected to coercive population control policies).  Based on the

4

statutory definition of "refugee" under INA § 101(a)(42) [8 U.S.C. § 1101(a)(42)], we concluded in Lin-Zheng that refugee status extends only to the individual who had been subjected to an involuntary abortion or sterilization procedure, had been persecuted for failing or refusing to undergo such a procedure, or had a well-founded fear of such persecution in the future. See id. at 156. Lin implicitly acknowledges this, but argues that he established past persecution based on the "onerous fine" that was imposed. We agree with the BIA that Lin has not established eligibility for asylum. Lin states that he "was forced to borrow large amounts of money from his relatives because it was the only way he could pay the outrageous fine." Petitioner's Brief at 9. He argues in his brief that "[j]ust because LIN was able to pay the fine solely because his relatives lent him money, it does not mean that the Respondent [sic] did not feel a great burden and experience financial hardship." Id. However, he does not explain how the fine affected him personally, nor does he even explain any problems his family experienced from paying the fine. See Li, 400 F.3d at 168 (in order for fine to constitute persecution, it must be so onerous that it threatens life or freedom). We agree that Lin did not establish that the fine constituted persecution.

Because Lin cannot satisfy the asylum standard, he cannot satisfy the more difficult withholding of removal standard. See Zubeda v. Ashcroft, 333 F.3d 463, 469-70

5

(3d Cir. 2003).[2]  For the above reasons, we will deny the petition for review.

---

[2]  Lin has waived any challenge to his claim that he warrants protection under the CAT as he did not raise any arguments regarding his CAT claim in his opening brief.  Chen v. Ashcroft, 381 F.3d 221, 235 (3d Cir. 2004).